UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STELLIA LIMITED, et al., | ) | |
| Plaintiffs, | ) | Case No. 2:12-cv-01099-GMN-PAL |
| vs. | ) | **ORDER** |
| B+S CARD SERVICE GMBH, | ) | (Mot. Stay Disc. - Dkt. #43) |
| Defendant. | ) | (Mot for Leave to File Supp - Dkt. #51) |

The court conducted a hearing on February 21, 2013, on the parties' Proposed Discovery Plan and Scheduling Order which requested a scheduling conference (Dkt. #42), and on Defendant's Motion to Stay Discovery (Dkt. 43). Karl Nielson and David Steiner appeared on behalf of the Plaintiffs, and D. Neal Tomlinson and Marc Gottridge appeared on behalf of the Defendant.

On March 1, 2013, Plaintiffs filed a Motion for Leave to File Supplemental Brief (Dkt. #51) which attached a memorandum of supplemental points and authorities on an issue raised at the hearing. Defendant filed a Response to the Motion for Leave (Dkt. #53) March 11, 2013.

**BACKGROUND**

The Complaint (Dkt. #1) in this case was filed June 26, 2012. It asserts claims for: (1) violation of the Lanham Act; (2) breach of written contract; (3) breach of the implied covenant of good faith and fair dealing; (4) negligence; (5) fraud; (6) intentional interference with contracts; (7) breach of written contract regarding commissions; (8) conversion; (9) unjust enrichment; and (10) accounting. Plaintiffs allege that the court has original subject matter jurisdiction on the Lanham Act claims under 15 U.S.C. § 1121(a), and general federal question jurisdiction under 28 U.S.C. § 1331, and 28 U.S.C. § 1338(e), for actions arising under acts of Congress relating to trademarks. The Plaintiffs also invoke the court's

1  supplemental or pendent subject matter jurisdiction over the non-federal claims pursuant to 28 U.S.C. §
2  1367.  Complaint (Dkt. #1), ¶1.
3     The complaint alleges that Plaintiff Stellia is a Maltese limited liability company with its
4  principal place of business in Balzan, Malta.  *Id*, ¶3.  Its two owners are Dominic Tampone, a United
5  States citizen who resides in the state of New York, and Kenneth Cassar, a citizen and resident of
6  Malta.  *Id.*  Plaintiff Stellia Limited ("Stellia Nevada") is a Nevada limited liability company whose
7  principal place of business is Las Vegas, Nevada.  *Id*, ¶4.  Stellia Nevada is an affiliate of Stellia Malta
8  and has the same two owners.  *Id*.  Defendant B+S Card Service GmbH ("B+S") is a limited liability
9  company organized under the laws of Germany with its principal place of business in Frankfurt,
10 Germany.  *Id,* ¶6.  On information and belief, this court has personal jurisdiction over the Defendant
11 because Defendant is not subject to jurisdiction in state courts of general jurisdiction in any particular
12 one of the 50 states, and exercising jurisdiction over the Defendant is consistent with the United States
13 Constitution in light of the Defendant's contacts with the United States.  *Id*. ¶6.
14    Stellia Malta is in the business of marketing merchant services to online merchants to process
15 and establish a relationship with an acquirer, a banking company that is a member of a card
16 organization such as Visa or Mastercard.  *Id*, ¶¶7, 8.  Stellia Malta acts as an intermediary between
17 merchants and an acquirer.  *Id*, ¶8.  It receives commissions from the acquirer derived from the
18 acquirer's revenue from each merchant.  *Id*.  In this relationship there are contracts between: (1) Stellia
19 and each merchant ("processor"); (2) each merchant and each acquirer; and (3) an overarching written
20 contract between Stellia and a particular acquirer.  *Id*.  The parties' disputes arise out of these contracts.
21    Defendant's initial responsive pleading was a Motion to Dismiss (Dkt. #23) filed November 20,
22 2012.  When the parties did not submit a stipulated discovery plan and scheduling order as required by
23 LR 26-1(e), the court entered a standard Discovery Plan and Scheduling Order (Dkt. #31) on January
24 11, 2013, which complies with the presumptively reasonable deadlines established by the local rule.
25 That order establishes a May 20, 2013, discovery cutoff, June 18, 2013, dispositive motion deadline,
26 and July 18, 2013, joint pretrial order deadline.
27    The parties conducted their Rule 26(f) conference on January 24, 2013, as ordered and
28 submitted a proposed discovery plan and scheduling order requesting a conference with the court.

Plaintiffs agree with the deadlines established by the court's discovery plan and scheduling order. Defendant requests that the court reconsider its scheduling order and stay discovery until after decision of the pending motion to dismiss. Defendant also requests twice the amount of time deemed presumptively reasonable to complete discovery as to any claim that survives the motion to dismiss, measured from the date of the district judge's decision of the motion to dismiss.

Defendant's Motion to Stay (Dkt. #43) argues that the Defendant, a German entity, has filed a substantial motion to dismiss based on a lack of personal jurisdiction, the doctrine of forum non-conveniens, and arguments that Plaintiffs contractually waived their rights to bring claims anywhere but Germany. The motion to dismiss also asserts the complaint fails to allege claims on which relief may be granted. Defendant asks that the court stay discovery while its challenges to this court's jurisdiction are pending to avoid unjust and severe prejudice to the Defendant which has no presence or contacts in this jurisdiction. Defendant argues that the court has broad discretion in controlling discovery, and that the court should consider the goal of Rule 1 of the Federal Rules of Civil Procedure to administer the rules to secure the just, speedy and inexpensive determination of this case.

Defendant's motion to dismiss points out that Plaintiffs' agreement with Defendant is governed by German law and contains a German forum selection clause. The motion to dismiss is supported by an expert opinion on German law. Plaintiffs' opposition papers do not dispute that German law applies, but claim that the court should disregard the parties' choice-of-law clause and substitute Nevada federal law in construing the parties' agreement. Defendant argues that the law supports a stay of discovery while a motion to dismiss based on forum non-conveniens and personal jurisdiction is pending, and that a stay will avoid extensive, expensive and logistically difficult intercontinental discovery that will be unnecessary if the court grant's the Defendant's motion to dismiss.

Plaintiffs filed an Opposition to Defendant's Motion to Stay Discovery (Dkt. #45) which argues that a cursory review of Plaintiffs' opposition to Defendant's motion to dismiss demonstrates that the court cannot be convinced that the motion to dismiss will be granted. Plaintiffs' opposition to the motion to dismiss requests certain jurisdictional discovery before a ruling on the motion, and Plaintiffs have served discovery in compliance with the court's January 11, 2013, discovery plan and scheduling order. Specifically, Plaintiffs have noticed the deposition of Defendant's CEO, Michael Pip,

Defendant's Rule 30(b)(6) designee, and served a Rule 34 request on the Defendant. Additionally, Plaintiff has served third-party subpoenas on Visa, Mastercard, and an individual. All of this discovery involves jurisdictionally related discovery as well as discovery directed to the merits of the underlying claims. Plaintiffs dispute that the German forum selection clause is exclusive under German law, and have argued in opposition to the motion to dismiss that the forum selection clause is permissive rather than mandatory. The opposition to the motion to dismiss is supported by the declarations of Kenneth Cassar and Dominic Tampone who aver that many witnesses and documents involved in this case are in the United States. Plaintiffs argue that much of the Defendant's actionable conduct in this case took place in this country, and that this Nevada forum "is not inconvenient" because many witnesses and documents are located in this country.

Plaintiffs argue that the Defendant has sufficient contacts with the United States to subject it to personal jurisdiction, and that much of the Defendant's conduct of which Plaintiffs complain occurred in the United States. Additionally, Plaintiffs' expert opines that a German forum would prohibit the Plaintiffs from compelling unwilling witnesses to provide discovery outside of Germany. Without an American court as the forum, Plaintiffs fear key information will not be available to them and that Plaintiffs will be deprived a "true fair day in court." Finally, Plaintiffs argue that Defendant failed to meet and confer before filing this motion to stay. LR 26-7(b) provides that discovery motions will not be considered in the absence of a sincere effort to meet and confer in an effort to resolve this matter without court intervention. Thus, the court should deny the motion on this ground as well.

**DISCUSSION**

**I.    Motion to Stay Standards.**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that if the Federal Rules contemplated a motion to dismiss under Rule 12(b)(6) would stay discovery, the Rules would contain such a provision, and finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation).

Two published decisions in this district have held that ordinarily, a dispositive motion does not warrant a stay of discovery. *Twin City Fire Insurance v. Employers of Wasau*, 124 F.R.D 652, 653 (D.

Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Both of these decisions held that to establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Id*. Citing the Ninth Circuit's decision in *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*), both of these decisions held that a district court may stay discovery only when it is *convinced* that the Plaintiff will be unable to state a claim for relief (emphasis added). Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity. *Id*.

Under Federal Rule of Civil Procedure 26(c), the court may limit the scope of disclosures or discovery on certain matters and prevent certain matters from being inquired into upon a showing of good cause or where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. The district court has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion. *Little v. City of Seattle*, 863 F.2d, 681, 685 (9th Cir. 1988). Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants. *Id.*

In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* Discovery is expensive. This court is persuaded that the standard enunciated by Judges Reed and Hunt in *Twin City* and *Turner* should apply in evaluating whether a stay of discovery is appropriate while a dispositive motion is pending. A stay of all discovery should only be ordered if the court is "convinced" that a plaintiff will be unable to state a claim for relief. However, as the court in *Mlenjnecky v. Olympus Imaging America, Inc.* recognized, taking a "preliminary peek" and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. 2011 WL 489743 at *6. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the

propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1. With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

## II.     Defendant's Motion to Dismiss.

Defendant's motion to dismiss is based on four separate arguments. First, Defendant argues the complaint must be dismissed for lack of personal jurisdiction over the Defendant. B+S contends that it would violate due process to exercise personal jurisdiction over it because B+S has not purposely availed itself of the privilege of conducting business activity in the United States, and Stellia's claims arise solely out of its European contacts and not contacts with the United States. B+S also argues the court lacks personal jurisdiction over it because Stellia does not have a cognizable federal claim against it under the Lanham Act because the complaint does not allege the elements of the Lanham Act claim, and the Lanham Act does not apply to B+S's purely foreign conduct. Second, B+S argues the complaint must be dismissed because the parties' contract bars Stellia Malta from suing B+S in this court. Third, B+S seeks dismissal of the complaint under the doctrine of forum non-conveniens. Finally, the motion to dismiss argues the court should decline to exercise personal jurisdiction over Plaintiff's German law claims.

Plaintiffs' opposition to the motion argues that this court has personal jurisdiction over B+S under Rule 4(k)(2) of the Federal Rules of Civil Procedure because B+S is not subject to jurisdiction in the courts of any particular one of the fifty United States, and B+S has sufficient contacts with the United States as a whole that exercising personal jurisdiction over it is consistent with constitutional due process. Plaintiffs also argue that the forum selection clause in the parties' contract is permissive rather than mandatory and therefore Frankfurt am Main is not the exclusive jurisdiction to adjudicate the parties' disputes. Plaintiffs also contend that B+S has not met its burden of establishing dismissal under the doctrine of forum non-conveniens. Finally, Plaintiffs maintain that the complaint adequately pleads a Lanham Act claim. However, if the court finds that the Lanham Act claims are inadequately plead, Plaintiff should be given leave to amend the complaint one time.

Having taken a preliminary peek at Defendants' motion to dismiss, the court is convinced this case should be dismissed based on the parties' agreement that German law would apply to any of their disputes and that the forum for resolving any such disputes is Frankfurt am Main, Germany. Finding the parties' choice of law and forum selection clause dispositive, the court need not address Defendants' remaining arguments for dismissing the complaint.

The contract in dispute in this case was entered into between Plaintiff Stellia Limited, a Maltese limited liability company, and Defendant B+S, a German limited liability company. It contains both a forum selection clause and a choice of law clause that the place of jurisdiction for both parties will be Frankfurt am Main Germany, and that German law applies. Stellia Nevada is a Plaintiff only because Stellia Malta assigned its claim for $3,000,000 for allegedly wrongfully withheld commissions to it. It is axiomatic that as an assignee, Stellia Nevada has no more rights or interests under the contract than Stellia Malta, the assignor has. Plaintiffs' opposition to the motion to dismiss concedes that German law applies to the parties' contract disputes. However, Plaintiffs argue it is "far from clear" what law applies to the Plaintiffs' tort claims. *See* Plaintiffs' Opposition to Motion to Dismiss (Dkt. #32) 20:9-10. ("As for choice of law, German law will govern the contract claims, but it is by no means clear whose law will apply to the tort claims in either forum.")

Plaintiffs do not dispute that under German law when a contract contains a forum selection clause, that forum is mandatory and the exclusive forum for resolving the parties' contract disputes. Rather, Plaintiffs argue that the court should analyze the forum selection clause under federal law. Plaintiffs contend that under Ninth Circuit law, a forum selection clause that does not contain language that clearly designates a forum as an exclusive forum is permissive rather than mandatory. Plaintiffs maintain that because the language of Article 12 of the parties' contract in this case lacks language indicating the parties' intent to make jurisdiction in Frankfurt, Germany exclusive, federal courts have held that language like that in Article 12 is merely permissive.

However, as Defendant correctly points out, under controlling Ninth Circuit authority, when a contract contains a choice of law provision, the validity of the contract's forum selection clause is governed by the jurisdiction the parties specified in the choice of law clause. *E&J Gallo Winery v. Endina Licoressa*, 446 F.3d, 984, 994 (9th Cir. 2006), (stating that because the contract in dispute

contained a California choice of law clause, the validity of the forum selection clause should be decided by California law "as the law of the contract.") *See also United States v. Yavuz,* 465 F.3d 418 (10th Cir. 2006) (stating "when the contract contains a choice of law clause, the court can effectuate the parties' agreement concerning the forum only if it interprets the forum clause under the chosen law.") In *Yavuz*, the contract in dispute contained a choice of forum clause that stated "place of courts is Fribourg." The court concluded that under American law, this language "appears rather ambiguous, and the court would be inclined to hold the clause permissive rather than mandatory." However, because it was not ambiguous that the parties agreed that Swiss law governed the contract, the Tenth Circuit held that "the choice of forum provision in that contract must be construed under Swiss law." *Id.*, at 431.

In *Albemarle Corporation v. Astrazeneca UK Ltd.*, 628 F.3d 643 (4th Cir. 2010), the Fourth Circuit also held that a forum selection clause in a contract between a Virginia manufacturer and a United Kingdom corporation that provided that the contract was "subject to" jurisdiction of the English High Court was mandatory and exclusive rather than permissive. The district court applied English law and held it lacked jurisdiction over the parties' breach of contract disputes. The Fourth Circuit affirmed. The Fourth Circuit concluded that under English law, the forum selection clause was mandatory and exclusive even though under federal law an agreement conferring jurisdiction in one forum would not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion. *Id*., at 649. Under English law, when parties designate the English High Court as the appropriate forum, the designation is mandatory and exclusive. Because the parties agreed to the application of English law, and under English law the forum selection clause was mandatory, the Court of Appeals affirmed the district court's ruling dismissing the case based on enforcement of the parties' forum selection and choice of law clauses.

In this case, the parties' forum selection clause may be permissive rather than mandatory applying federal law. However, where, as here, it is undisputed that the parties' contract choice of law provision requires application of German law to their contract disputes, German law on forum selection applies. Under German law the parties' selection of Frankfurt am Main, Germany as the forum for resolving disputes is mandatory and exclusive. For this reason, the court concludes this case should be dismissed based on the parties' choice of law and forum selection clause.

Accordingly,

**IT IS ORDERED** that:

1. Defendants' Motion to Stay Discovery (Dkt. #43) is **GRANTED**.
2. In the event the motion to dismiss is denied, counsel for the parties shall have fourteen days from decision in which to meet and confer and submit a proposed discovery plan and scheduling order.
3. Plaintiff's Motion for Leave to File Supplemental Brief (Dkt. #51) is **DENIED**.

Dated this 21st day of March, 2013.

Peggy A. Leen
United States Magistrate Judge