UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STELLIA LIMITED, a Maltese limited liability company; and STELLIA, LTD., a Nevada limited liability company, | ) ) ) ) Case No. 2:12-cv-1099-GMN-PAL |
| Plaintiffs, | ) ) **ORDER** |
| vs. | ) ) |
| B+S CARD SERVICE GmbH, a German limited liability company, | ) ) ) ) |
| Defendant. | ) ) |

Pending before the Court is the Motion to Dismiss (ECF No. 23) filed by Defendant B+S Card Service GmbH, a German limited liability company ("Defendant"). Plaintiffs Stellia Limited ("Stellia Malta"), a Maltese limited liability company, and Stellia, Ltd. ("Stellia Nevada"), a Nevada limited liability company (collectively "Plaintiffs") filed a Response. (ECF No. 32.) Defendant then filed a Reply. (ECF No. 46.) For the following reasons, the Court GRANTS Defendant's Motion to Dismiss.

I. **BACKGROUND**

Plaintiffs originally filed a complaint in Federal Court on June 26, 2012. (Compl., ECF No. 1.) Plaintiff Stellia Malta is a registered Maltese limited liability company organized under the laws of Malta with its principal place of business in Balzan, Malta. (*Id.* ¶ 3.) Plaintiff Stellia Malta is in the business of marketing merchant services to online merchants who require help in processing and establishing a relationship with entities that process credit card data received from purchases over the internet. (*Id.* ¶¶ 7-8.) These entities, or "acquierers," are banking companies that settle transactions, distribute funds to the merchants and retain fees for themselves. (*Id.* ¶ 7.) Plaintiff Stellia Malta "acts as an intermediary in the subsequent business

1  relationship between . . . merchant[s] and [] acquirer[s]." (*Id.* ¶ 8.)  Plaintiff Stellia Nevada is an
2  affiliated limited liability company under the same ownership as Stellia Malta, with its
3  principal place of business in Las Vegas, Nevada. (Resp. to Mot. to Dismiss, ECF No. 32, 3:25-
4  26.)
5  　　　　Defendant is a limited liability company organized under the laws of Germany with its
6  principal place of business in Frankfurt, Germany. (Compl. ¶ 6.)  Defendant is in the business
7  of processing credit card payments. (*See, e.g.*, *id.* ¶¶ 10, 14.)  In 2009, Plaintiff Stellia Malta
8  entered into an agreement ("Agreement") with Defendant to make Defendant an acquirer for
9  Stellia Malta's merchants. (*Id.* ¶ 10.)
10 　　　　 Over time, Plaintiff Stellia Malta alleges that problems arose with the platform that
11 Defendant used to process credit card data, particularly with respect to settlements, statements,
12 and reserves. (*Id.* ¶ 26.)  Many of these issues arose in the context of "chargebacks," which
13 occur when a cardholder disputes a charge on his or her card for any number of reasons. (*Id.*
14 ¶ 12.)  Merchants are usually required "to have a limited percentage of transactions which end
15 up as chargebacks; and excessive chargebacks may result in the merchant termination, and/or
16 hefty fines to the acquiring bank." (*Id.* ¶ 13.)  Plaintiff Stellia Malta asserts that, unbeknownst
17 to them, Defendant was under pressure to reduce the number of chargebacks. (*Id.* ¶ 30.)  As a
18 result of this pressure, Plaintiff Stellia Malta alleges that Defendant unilaterally sent out letters
19 terminating certain merchants with high chargeback numbers, without Stellia Malta's
20 knowledge or consent. (*Id.* ¶ 31.)  In addition, Plaintiff asserts that Defendant has withheld over
21 three million dollars in commissions that belong to Stellia Malta. (*Id*. ¶ 35.)  As a result,
22 Plaintiff Stellia Malta alleges that these actions caused significant damage to its business. (*Id.* ¶
23 32.)
24 　　　　Approximately one month prior to the initiation of this action, Plaintiff Stellia Malta
25 assigned four causes of action to Stellia Nevada:  (1) breach of written contract; (2) conversion;

(3) unjust enrichment; and (4) accounting. (*Id.* ¶ 35.)  Thereafter, Plaintiff Stellia Malta and Plaintiff Stellia Nevada jointly filed the instant action asserting ten causes of action in total: (1) Violations of the Lanham Act; (2) Breach of Written Contract; (3) Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Negligence; (5) Fraud; (6) Intentional Interference with Contracts; (7) Breach of Written Contract Regarding Commissions; (8) Conversion; (9) Unjust Enrichment; and (10) An Accounting. (*Id.* ¶¶ 37–111.)

In response to Plaintiffs' Complaint, Defendant filed this motion seeking dismissal on three grounds.  Defendant first alleges that this Court lacks personal jurisdiction.  Second, Defendant argues that the agreement contained a forum selection clause favoring Germany and that the Court should enforce that clause.  Finally, Defendant argues that the Court should dismiss this action under the doctrine of *forum non conveniens*. (Mot. to Dismiss, ECF No. 23.)  Because the Court concludes that this case should be dismissed under the doctrine of *forum non conveniens*, the Court need not reach Defendant's alternative grounds for dismissal.

## II.    DISCUSSION

In this case, Defendant based its motion to dismiss on three grounds: personal jurisdiction, a forum selection clause in the agreement, and the doctrine of *forum non conveniens*.  The Court finds that dismissal is appropriate based on the doctrine of *forum non conveniens*.

"A district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947)); *see also Cheng v. Boeing Co.*, 708 F.2d 1406, 1409 (9th Cir. 1983) ("The doctrine of *forum non conveniens* permits a court to decline to exercise its jurisdiction for prudential reasons.").  Once a district court determines that the appropriate forum is located in a foreign country, the court may dismiss the case. *Cheng*, 708 F.2d at 1409.  Before dismissing an action

based on *forum non conveniens*, district courts analyze: "(1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favors dismissal." *Lueck*, 236 F.3d at 1142.

### A.    The Existence of an Alternative Forum

"The Supreme Court has held that an alternative forum ordinarily exists when the defendant is amenable to service of process in the foreign country." *Lueck*, 236 F.3d at 1143. However, "[t]he defendant bears the burden of proving the existence of an adequate alternative forum."[1] *Id.*

In this case, Defendant offers Germany as an alternative forum. It appears to the Court, and neither party disputes, that Defendant is subject to service of process in Germany. First, Defendant is a limited liability company organized under the laws of Germany with its principal place of business in Frankfurt, Germany. (Compl. ¶ 6, ECF No. 1.) Furthermore, the Agreement expressly contemplates that Germany could exercise jurisdiction over the instant dispute.[2] (Compl. Ex. A at 5, ECF No. 1 ("Article 12 . . . Place of jurisdiction for both parties will be Frankfurt am Main.").)

Despite these considerations, Plaintiffs argue that the "cumulative impact of its procedures" makes Germany an inadequate alternative forum. (Resp. to Mot. to Dismiss 18:25-28, ECF No. 32.) Specifically, Plaintiffs point to "no right there to a jury trial, to conduct independent discovery as we know it, or to seek treble or punitive damages." (*Id.*) Furthermore, Plaintiffs assert that German courts require a substantial upfront fee. (*Id.* at 19:1-3

---

[1] Plaintiffs assert that "[t]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum." (Resp. 19:9-10, ECF No. 32 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).) However, this presumption applies only when the plaintiff is a United States citizen; "a foreign plaintiff's choice deserves less deference." *Piper Aircraft* 454 U.S. at 256. Plaintiffs' argument that Stellia Nevada's presence in this action places a heavier burden on Defendant is misplaced. Stellia Malta assigned several of its claims against Defendant to Stellia Nevada *less than four weeks before initiating the instant action*. The Court doubts that this type of tactic warrants the presumption in favor of a United States citizen plaintiff's choice of forum.

[2] Although the forum selection clause is not limited exclusively to Germany, this clause, at minimum, demonstrates that Defendant agreed to submit to the jurisdiction of Germany.

(characterizing the sum of these fees as "a shocking a prohibitive amount").)

However, Plaintiffs' arguments fail to persuade the Court that German is an inadequate forum; a forum is not inadequate merely because it is a *less favorable* forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-52 (1981); *see also Lueck*, 236 F.3d at 1144. Rather, courts deem foreign forums inadequate only when the foreign forum "offers no practical remedy for the plaintiff's complained of wrong." *Lueck*, 236 F.3d at 1144. Plaintiffs have failed to provide any basis from which this Court could conclude that Germany "offers no practical remedy" for the harm that Defendant's actions allegedly caused.[3]

For these reasons, the Court concludes that Germany provides an adequate alternative forum for this dispute and, therefore, Defendant has satisfied the first prong of the *forum non conveniens* analysis.

### B. The Balance of Public and Private Interest Factors

The second step of the *forum non conveniens* analysis requires the Court to weigh the relevant public and private interest factors. For the reasons discussed below, the Court concludes that these factors overwhelmingly favor dismissal under the doctrine of *forum non conveniens*.

#### 1. The Private Interest Factors

The Ninth Circuit has instructed courts to consider a number of private interest factors: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the witnesses; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Lueck*, 236 F.3d at 1145. District courts weigh any of these factors that are

---

[3] The Court also notes that the Ninth Circuit has expressly held that Germany provides an adequate forum for resolving disputes. *See Mattel, Inc. v. Greiner and Hausser GmbH*, 354 F.3d 857, 868 (9th Cir. 2003).

relevant in a given case and then consider the relevant factors together "in arriving at a balanced conclusion." *Id.* at 1145-46.

Defendant contends that "this is the unusual case in which *every* factor favors *forum non conveniens* dismissal or is neutral; none factors retaining this action in Nevada." (Mot. to Dismiss, 25:3-4, ECF No. 23.)  Specifically, Defendant asserts that "all of the evidence, witnesses, and other sources of proof in this case are located thousands of miles from Nevada; all B+S employees and documents, as well as the evidence from Stellia and non-parties are to be found in Germany or elsewhere in Europe." (*Id.* at 25:5-7.)  In contrast, Plaintiffs assert that the existence of an "extensive list of all the potential witnesses" located in the United States, including "numerous American-based ultimate beneficial owners of Stellia merchants," weighs against dismissal under the doctrine of *forum non conveniens*. (Resp. 19:21-20:2, ECF No. 32.)

However, "a court's focus should not rest on the number of witnesses or the quantity of evidence in each locale.  Rather, a court should evaluate the materiality and importance of the evidence and witnesses' testimony and then determine their accessibility and convenience to the forum." *Lueck*, 236 F.3d at 1146 (internal quotation marks omitted).  In this case, the agreement took place between a Maltese company and a German company.  Furthermore, the dispute centers around the Defendant's processing platform, located in Germany, and the Defendant's alleged withholding of funds belonging to Plaintiff, also allegedly being held in Germany.  Given the "materiality and importance" of the evidence and witnesses located in Germany, the Court finds that the factors related to the location of the witnesses and evidence favors dismissal.

Finally, even if this case were to proceed in this forum, this Court would not have the ability to compel process upon German witnesses. *See Leuck,* 236 F.3d at 1146-47 ("The documents and witnesses in New Zealand, however, are not so easily summoned to the United States . . . The district court does not have the power to order the production or appearance of

1  such evidence and witnesses."); *Merino v. U.S. Marshal*, 326 F.2d 5, 13 (9th Cir. 1963) ("The
2  attendance of witnesses residing in a foreign country would not be compellable by
3  subpoenas."). Since most of the material and important witnesses reside in Europe, a better
4  resolution would be obtained in a country that can compel witnesses to testify. Although
5  Plaintiffs point to an extensive number of witnesses present in the United States, these
6  witnesses do not carry the same materiality or importance of witnesses in Germany.
7       Accordingly, the Court concludes that the overwhelming majority of private interest
8  factors favor dismissal. Specifically, the majority of the material and important witnesses and
9  evidence are found in Germany; Germany provides a more convenient location to access these
10 witnesses and evidence. In addition, Germany possesses compulsory process over these
11 witnesses and evidence.

12                     2.      *The Balance of Relevant Public Interest Factors*

13      Finally, the Court must weigh the relevant public interest factors. Courts consider the
14 following public interest factors: (1) local interest of the lawsuit; (2) the court's familiarity
15 with the governing law; (3) burden on local court's and juries; (4) congestion in the court; and
16 (5) the costs of resolving a dispute unrelated to this forum. *Lueck*, 236 F.3d at 1147.
17      Plaintiffs' opposition to Defendant's motion fails to address the District of Nevada's
18 local interest. Rather, Plaintiffs focus on the interest of the United States as a whole.
19 (Response, ECF No. 32, at 25:14-16.) However, in the context of these public interest factors,
20 the local interest of Nevada is the relevant interest. *See Lueck*, 236 F.3d at 1147 (focusing on
21 the interests of the citizens of Arizona versus the resources the district court in Arizona would
22 be required to expend).
23      Nevertheless, any interest the citizens of Nevada may have is slight in comparison to the
24 time and resources this Court would expend if it were to retain jurisdiction over this action.
25 First, Plaintiffs concede that "German law will govern the contract claim." (Response, ECF No.

32, at 25:9.)  Thus, any interest that the citizens of Nevada do have would be outweighed by this Court's lack of familiarity with German law.  In addition, the burden on local courts and juries, the congestion in the court, and the costs of resolving a dispute unrelated to this forum also outweigh the local interest.

For the reasons discussed above, the Court finds that Germany provides an adequate alternative forum and that the balance of the relevant private and public interest factors favors dismissal.  Accordingly, Defendant's Motion to Dismiss under the doctrine of *forum non conveniens* is GRANTED.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss is **GRANTED**.

The Clerk shall enter judgment accordingly.

**DATED** this 5th day of December, 2013.

_____
Gloria M. Navarro
United States District Judge